IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:90-CV-01071-LTB

ROBERT E. HILL, individually, and
as parent and next friend of Tasha R.
Hill, a minor; and CYNTHIA G. HILL,
individually, and as parent and next
friend of Tasha R. Hill, a minor,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.

---

**ORDER GRANTING
MOTION FOR AN ORDER AUTHORIZING
A HEALTH CARE POWER OF ATTORNEY FOR TASHA R. HILL
FOR USE DURING URGENT AND EMERGENCY HEALTH CARE
DECISIONS FOR TASHA R. HILL
AND FOR RESTATEMENT OF CERTAIN PRIOR ORDERS OF COURT
FOR USE IN EMERGENCY MEDICAL CARE FOR TASHA R. HILL**

---

      On Motion for an Order Authorizing a Health Care Power of Attorney for Tasha R. Hill For Use During Urgent and Emergency Health Care Decisions for Tasha R. Hill and for Restatement of Certain Prior Orders of Court for Use in Emergency Medical Care for Tasha R. Hill, the Court hereby grants the same, makes the following factual findings and enters the following orders:

### I. FACTS

    1.    Tasha was born May 22, 1988, and is now presently 18 years of age.

    2.    By Order of Court dated May 23, 1997, this Court recognized Robert E. Hill and Cynthia G. Hill as the natural parents, legal guardians and the primary health care providers for their daughter, Tasha.

    3.    By Order of Court dated December 3, 1996, this Court appointed Charles Goldberg as the Guardian Ad Litem for Tasha.

    4.    Tasha's mother, Cynthia G. Hill, died on January 9, 2007, leaving Tasha's father, Robert E. Hill, as her sole parent and primary health care provider.

    5.    The Court is intimately familiar with the history of this matter and all of the Orders entered herein, including annual oversight of this matter. The Court finds that, until Cynthia Hill's recent death, both of Tasha's parents and, more recently, her father, Robert E. Hill, have provided Tasha extraordinarily good care that has contributed, in no small measure, to her ability to reach her present age and in her generally excellent physical health, notwithstanding her own severe limitations.

    6.    Tasha has substantial resources available to her to provide for her reasonable and necessary medical necessities; as of December 31, 2006, the Trustee has reported to the Court the assets in this Trust presently exceed $6.9 million and there are substantial additional resources that can be accessed, if necessary.

    7.    On May 23, 1997, this Court entered an Order appointing SunTrust Bank, Nashville, Tennessee, as the Trustee over an Irrevocable Reversionary Inter Vivos Medical Care Trust ("Trust") for the Benefit of Tasha R. Hill, designed to provide maximum health care benefits for Tasha. Specifically, this Trust mandates, in part:

> 4.    <u>Purpose of Trust and Allowable Expenses</u>.
>
> The Trustee [SunTrust Bank Nashville] shall pay all necessary and reasonable expenses, regardless of cause, to the extent allowed below in this Paragraph 4. The purpose of this Irrevocable Reversionary Trust is to provide for the personal attendant care, and the medical, dental, therapeutic, cognitive, psychological, and rehabilitative care of the Beneficiary [Tasha R. Hill], regardless of the cause for such care, in order to maximize her mental development and minimize her physical disabilities. . . .
>
> a.    <u>Medical and Dental Care</u>
>
> The Trustee shall pay all medical and dental care expenses of the Beneficiary for (1) the diagnosis, cure, mitigation, treatment, or prevention of injury, sickness, illness, or disease, or (2) the purpose of affecting any structure or function of the body or mind, whether the medical or dental care expenses arise from in-patient or out-patient care. . . . .

* * *

        8.    <u>Parents' Role</u>

        a.    With due regard for the fact that the Parents of the Beneficiary have provided her care in the past and will continue to be closely involved in all aspects of her life and care, the Trustee shall consult with the Parents with regard to all personal, medical, therapeutic or rehabilitative care decisions.  In the absence of good cause, as determined by the Trustee, and subject to the terms and conditions of Paragraph 4 of this Irrevocable Reversionary Trust, the Trustee shall abide by the recommendations of the Parents in the planning of medical, therapeutic and personal care and the selection of health care providers.

* * *

8.    For the purposes of this Order, the Court has quoted selectively from the terms of this lengthy Trust.  The Trust instrument itself must be consulted to properly answer any question that may arise concerning any of the other terms and conditions of this Trust.

## II. COURT ORDERS

1.    In the event that Tasha R. Hill requires urgent and emergency health care decisions to be made on her behalf, in-patient or out-patient, the Court requests that whatever physician and whatever medical institution is treating Tasha, do provide to Tasha all necessary medical, hospital, dental, and pharmacological care required to treat or prevent any sickness, illness, diseases or injury that will aid in Tasha's health care, regardless of the cause.

2.    Tasha's Father, Robert E. Hill, has full authority to make all reasonable and necessary medical decisions for and on behalf of his daughter, Tasha R. Hill.

3.    Robert E. Hill, father of Tasha R. Hill, is hereby empowered to execute and to operate, according to terms of Exhibit A attached hereto, a Durable Medical Power of Attorney for an on behalf of Tasha.

4.    In the event of any additional question that may not be able to be answered by Robert E. Hill, any health care provider for Tasha R. Hill or administrator is encouraged to contact the Trustee (SunTrust Bank Nashville, c/o Scott Lindsey, Vice President and Trust Officer, telephone No. (615) 748-4364), or Charles Goldberg, Esq., Tasha's court-appointed

Guardian Ad Litem, telephone No. (303) 628-9533 or (303) 882-7578, or Jack Dahlberg, Tasha case manager, telephone No. (303) 771-7567.

DONE AND SIGNED in Open Court this  18th  day of October, 2007.

                                  UNITED STATES DISTRICT COURT

                                  By:   s/Lewis T. Babcock
                                      Lewis T. Babcock
                                      United States District Judge