IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 90-cv-01071-LTB

ROBERT E. HILL, individually, and as parent and
next friend of Tasha R. Hill, a minor; and
CYNTHIA G. HILL, individually, and as parent and
next friend of Tasha R. Hill, a minor,

   Plaintiffs,

v.

UNITED STATES OF AMERICA,

   Defendant.
_____

**ORDER**
_____

  This case concerns Tasha Hill, who—while still an infant—was negligently treated at the Evans Army Community Hospital on October 17, 1988. In 1994, this Court entered judgment against the Government in the amount of $13,528,400.00, approximately three million dollars of which included future lost earning capacity, non-economic damages, and physical impairment and disfigurement damages. After payment of attorney fees and costs, the balance of the three million dollars was placed into the Tasha R. Hill Trust. The parties entered into a settlement and Reversionary Trust concerning the remaining damages award that was approved by this Court on May 23, 1997. The Reversionary Trust includes approximately ten million dollars in "life care damages" that will revert to the Government upon Tasha Hill's death. SunTrust Bank has served as Trustee of both trusts since their inception.

On December 30, 2008, SunTrust Bank filed a notice of resignation as Trustee of the Reversionary Trust effective March 31, 2009 [**Docket # 510**], and on January 8, 2009, filed a notice of resignation as Trustee for the Tasha R. Hill Trust, also effective March 31, 2009 [**Docket # 514**]. The Government filed a notice of its nomination of First Tennessee Bank to serve as Trustee of the Reversionary Trust on January 7, 2009 [**Docket # 512**]. The Guardian Ad Litem filed a notice of the nominations of Regions Morgan Keegan Trust and Pinnacle National Bank to serve as Trustee of both the Reversionary Trust and the Tasha R. Hill Trust on February 6, 2009 [**Docket # 526**]. Tasha Hill's parents joined with the Guardian Ad Litem, and further expressed their preference for Pinnacle National Bank because Scott Lindsey—the former trust officer at SunTrust—is now affiliated with Pinnacle.

The Guardian Ad Litem requested a status conference for the purpose of setting a schedule for appointing a successor Trustee [**Docket # 518**] and submitted a proposed scheduling order [**Docket # 520**]. The status conference was held on February 10, 2009. As stated on the record at the hearing, IT IS ORDERED as follows:

1. The parties have submitted the names of three prospective Trustees: First Tennessee Bank, Regions Morgan Keegan Trust, and Pinnacle National Bank. On or before February 18, 2009, the nominating party of each prospective Trustee shall provide to the other party the following information regarding the nominated Trustee:

   a. The name, contact information, background, and qualifications of the trust officer(s) who will have primary responsibility for administering the Trust(s);

2

b. The name, contact information, background, and qualifications of each person who is anticipated to regularly interface with Tasha Hill's parents;

c. The name, contact information, background, and qualifications of each person who is anticipated to manage the portfolio of the Trust(s);

d. A description of the services offered by the nominated Trustee;

e. Financial performance data covering the past five years;

f. The anticipated investment strategy for a fund of this size and nature;

g. A description of those trust functions performed "in house" and those performed by third parties, as well as a listing of those third parties; and

h. A current fee schedule.

2. On or before February 27, 2009, the parties shall conduct joint interviews with each of the prospective Trustees. The interviews may be conducted in person or by telephone.

3. On or before March 6, 2009, any party wishing to object to the nomination of any prospective Trustee(s) may file a brief with this Court describing the nature and basis of the objection(s). Each party shall be limited to one brief with a maximum length of fifteen pages, including attachments. To the extent any party wishes to argue for or against the replacement of a single Trustee managing both Trusts—the role currently performed by SunTrust Bank—with two Trustees, each managing only one Trust, the party may include such argument within the context of its brief. No responses will be allowed.

4. A hearing on the parties' objections is scheduled for **Friday, March 13, 2009, at 9:00 am** in Courtroom 401 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

Dated: February __10__, 2009.

BY THE COURT:

    s/Lewis T. Babcock
Lewis T. Babcock, Judge