IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:90-cv-01071-LTB

ROBERT E. HILL, individually, and
as parent and next friend of Tasha R.
Hill, a minor; and CYNTHIA G. HILL,
individually, and as parent and next
friend of Tasha R. Hill, a minor,

      Plaintiffs,

vs.

UNITED STATES OF AMERICA,

      Defendant.

---

**ORDER GRANTING JOINT MOTION FOR AN ORDER VACATING MARCH 13, 2009, HEARING, AN ORDER APPOINTING REGIONS BANK AS SUCCESSOR TRUSTEE, AN ORDER DIRECTING SUNTRUST BANK NASHVILLE N.A. AND REGIONS TO EXPEDITIOUSLY IMPLEMENT THE TRANSFER OF THE IRREVOCABLE REVERSIONARY MEDICAL CARE TRUST FOR THE BENEFIT OF TASHA R. HILL AND THE AMENDED PRIVATE TRUST FOR THE BENEFIT OF TASHA R. HILL (COLLECTIVELY, "BOTH TRUSTS") AND AN ORDER DIRECTING COMPLIANCE BY SUNTRUST BANK NASHVILLE N.A. TO REGIONS BANK**

---

  Upon review and approval of the Joint Motion for an Order Vacating March 13, 2009, Hearing, an Order Appointing Regions Bank as Successor Trustee, an Order Directing Suntrust Bank Nashville N.A. and Regions to Expeditiously Implement the Transfer of the Irrevocable Reversionary Medical Care Trust for the Benefit of Tasha R. Hill and the Amended Private Trust for the Benefit of Tasha R. Hill (collectively, "Both Trusts") and an Order Directing Compliance by Suntrust Bank Nashville N.A. to Regions Bank, the Court finds:

1. That SunTrust Bank Nashville N.A. has resigned as Trustee of the Irrevocable Reversionary Medical Care Reversionary Trust for the Benefit of Tasha R. Hill ("Reversionary Trust") and as Trustee of the Amended Private Trust for the Benefit of Tasha R. Hill ("Private Trust") effective March 31, 2009.

2. The United States has filed a Notice withdrawing First Tennessee Bank as its nominee for Successor Trustee of the Reversionary Trust. Accordingly, no response is required by the other parties that otherwise would have been required by Friday, March 6, 2009.

3. On March 5, 2009, the United States filed a Notice of Non-Objection to the Nominees of the GAL and the Hill family. The Notice specifically stated that the United States would not object, but also stated that it would not concur or consent to either nominee. The GAL objects to the position advocated by the United States that a conflict of interest is inherent in the appointment of the same Trustee for both of the Trusts and also objects to certain of the United States' articulated reservations concerning the nomination of Pinnacle National Bank as a Successor Trustee. Since the terms of this Joint Motion will result in the appointment of Regions Bank as the Successor Trustee for Both Trusts, the GAL reserves the right to support its objections with specific responses if or when the issues raised by the United States in its Notice of Non-Objection are ever again ripe for determination.

4. The GAL and the Hills have withdrawn Pinnacle Bank as a nominee for consideration as Successor Trustee of either trust. A separate Notice of Withdrawal has been filed with the Court.

5. That the requirements set forth in paragraph 10.a. of the terms of the Reversionary Trust and paragraph 12.a of the terms of the Private Trust concerning the appointment of a Successor Trustee of Both Trusts have been fully satisfied.

6. This Court has considered the qualifications of Regions Bank which have been set forth in the Guardian Ad Litem's Nomination of Regions Bank, that it has considered United States' Notice of Non-Objection to Other Parties' Nominees for Successor Trustee (including Regions Bank) and concludes that it is in the best interests of all the parties concerned that Regions Bank be appointed as Successor Trustee for the Reversionary Trust to become effective upon its written acceptance of this Appointment in which Paul Gaddis, Senior Vice President and Trust Officer of Regions Bank, certifies that he has read the Irrevocable Reversionary Medical Care Reversionary Trust for the Benefit of Tasha R. Hill and accepts appointment as Trustee of the Reversionary Trust in accordance with the terms and conditions set forth in the body of the Reversionary Trust.

7. This Court has considered the qualifications of Regions Bank which have been set forth in the Guardian Ad Litem's Nomination of Regions Bank as Successor Trustee for the Amended Private Trust for the Benefit of Tasha R. Hill, that this Court recognizes that the United States has no interest in the Private Trust and this Court concludes that it is in the best interests of all the parties concerned that Regions Bank be appointed as Successor Trustee for the Private Trust to become effective upon its written acceptance of this Appointment in which Paul Gaddis, Senior Vice President and Trust Officer of Regions Bank, certifies that he has read the terms of the Amended Private Trust for the Benefit of Tasha R. Hill and accepts appointment as Trustee

of the Amended Private Trust for the Benefit of Tasha R. Hill in accordance with the terms and conditions set forth in the body of the Private Trust.

8. The Court finds that Robert Hill and Audrey Hill have authorized the GAL to represent to this Court that each has been informed of the contents of the Joint Motion and that each has approved of the contents of the Joint Motion.

Based on the foregoing findings of fact, the Court orders:

1. Since there is no further need for hearings on the qualifications or fitness for the appointment of a Successor Trustee for Both Trusts, this Court enters the following Orders:

    a. This Court vacates the hearing set for Friday, March 13, 2009;

    b. This Court approves of and hereby appoints Regions Bank as Successor Trustee of Both Trusts; Regions Bank, as Successor Trustee of Both Trusts, shall not be liable to anyone for any acts or omissions of SunTrust Bank Nashville N.A. during its tenure as Trustee of Both Trusts.

    c. This Court orders SunTrust Bank Nashville N.A. and Regions Bank, the Successor Trustee for Both Trusts, to expeditiously, but in no event later than March 31, 2009, implement the transfer of the Trusts to the Successor Trustee, including all of the Trusts' files and all of the assets of Both Trusts together with a final accounting from Sun Trust Bank Nashville N.A., Trustee for Both Trusts through the period ending on the date of the transfer of the last of the assets of Both Trusts.

    d. This Court orders that SunTrust Bank Nashville, N.A., file a report with the Court providing the information and documentation required by Paragraph 6.d of the Reversionary Trust for the period beginning January 1, 2009, up to and including the day

SunTrust Bank Nashville N.A. has completed the transfer of all assets of Both Trusts to Regions Bank. The Court further Orders SunTrust Bank Nashville, N.A., to file a similar report *under seal* with the Court pertaining to the Private Trust. The United States shall have the 60-days allowed by Paragraph 6.d of the Reversionary Trust to file objections, if any, to the report filed on the Reversionary Trust, and that upon final approval of the reports by the Court, SunTrust Bank Nashville N.A. shall be discharged of any and all responsibilities as the original Trustee of Both Trusts.

Dated: March  11 , 2009.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge