**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 90-cv-01071-LTB

ROBERT E. HILL, individually, and as parent and
next friend of Tasha R. Hill, a minor; and
CYNTHIA G. HILL, individually, and as parent and
next friend of Tasha R. Hill, a minor,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

_____

**ORDER**
_____

This matter is before me on the Government's Motion for Reconsideration of Part IV of the Court's Order Dated June 3, 2009, which Modifies the Reversionary Trust, in order to Correct Error [**Docket # 565**], and the Guardian ad Litem's Response [**Docket # 568**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY the Government's motion [**Docket # 565**].

**I.  BACKGROUND**

This case concerns Tasha R. Hill ("Tasha"), who—while still an infant—was negligently treated at the Evans Army Community Hospital on October 17, 1988. In 1994, this Court entered judgment against the Government in the amount of $13,528,400.00, approximately three million dollars of which included future lost earning capacity, non-economic damages, and physical impairment and disfigurement damages. After payment of attorney fees and costs, the

balance of that three million dollars was placed into the Tasha R. Hill Trust.  Following an appeal to the Tenth Circuit, the parties entered into a settlement and Reversionary Trust concerning the remaining damages award that was approved by this Court on May 23, 1997.  The Reversionary Trust included approximately ten million dollars in "life care damages" that will revert to the Government upon Tasha's death.

The preamble to the Reversionary Trust states that Robert E. Hill and Cynthia G. Hill—Tasha's biological mother—will be referred to as "Parents" for the remainder of the trust.  Cynthia G. Hill passed away in January 2007.  Tasha's father, Robert E. Hill, has since remarried and his new wife, Audrey Hill, has formally adopted Tasha under the laws of Tennessee.  On April 10, 2009, The Guardian ad Litem filed a motion [**Docket # 545**] requesting the Court (i) enter an order finding Audrey Hill to be a "Parent" for purposes of the Reversionary Trust; (ii) enter an order modifying the Reversionary Trust such that Audrey Hill will be recognized as Tasha's "Parent" for purposes of the Trust; or (iii) enter an order finding the Trustee can hire Audrey Hill as an independent care giver under Paragraphs 4(c)(iv) and 5(j) of the Reversionary Trust.  On June 3, 2009, the Court granted the relief requested in part and—as relevant to the present motion—entered an Order [**Docket # 563**] modifying the Reversionary Trust such that, in each instance in which the Reversionary Trust refers to Tasha's "Parent" or "Parents," that term shall include Audrey Hill.  The Government now moves the Court to amend the June 3, 2009, Order to deny the Guardian ad Litem's motion to the extent the motion sought to modify the Reversionary Trust such that Audrey Hill is recognized as Tasha's "Parent" for purposes of the Trust.

## II.  STANDARD OF REVIEW

The Government cites no rule of civil procedure under which it brings the present motion.  Nor could it.  "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'  Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e) or a motion seeking relief from the judgment pursuant to FED. R. CIV. P. 60(b).  These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies to a motion depends essentially on the time a motion is served.  If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  The present motion—although filed fourteen calendar days after the June 3, 2009, Order—is calculated as being filed on the tenth day under FED. R. CIV. P. 6(a).  Accordingly—although not designated as such by the Government—I will consider the Government's motion as a motion to alter or amend the June 3, 2009, Order under FED. R. CIV. P. 59(e).

The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence."  *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992).  Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice.  *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997).  A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or

development in the law or facts since submission of the issues to the court." *Gregg v. Am. Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). A Rule 59(e) motion "is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches,* 950 F. Supp. at 300. "A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented" previously. *Buell v. Sec. Gen. Life Ins. Co.*, 784 F. Supp. 1533, 1536 (D. Colo. 1992).

### III.  ANALYSIS

The Government raises two arguments in its motion. First, the Government argues the modification contained in the June 3, 2009, Order is contrary to Colorado law as established in a recent Colorado Supreme Court case, *Barber v. Ritter*, 196 P.3d 238 (Colo. 2008). *Barber v. Ritter*, however, did not consider the issue raised in the Guardian ad Litem's April 10, 2009, motion—namely, whether a court sitting in equity has the power to modify the terms of an irrevocable trust. Instead, *Barber v. Ritter* considered whether "a trust, once created, may . . . be revoked *by the settlor* without the consent of all beneficiaries, [when] the settlor has [not] explicitly reserved to himself or herself to power to do so unilaterally." *See Barber*, 196 P.3d at 253 (emphasis added). As *Barber v. Ritter* has no bearing on the issues decided in my June 3, 2009, Order, it does not support the Government's Rule 59(e) motion. *See Gregg*, 840 F. Supp. at 1401.

Second, the Government argues the modification contained in the June 3, 2009, Order is contrary to express terms in the Reversionary Trust. The Government argues that the modification departs from a clause in the Reversionary Trust that specifically prohibits any modifications. *See* Reversionary Trust Paragraph 15. The Government's argument

misapprehends this Court's ruling which began with the assumption the Government contends the Court failed to consider—namely, that the parties expressly agreed the terms of the Reversionary Trust were irrevocable. As explained in the June 3, 2009, Order, however, the agreed-upon terms—no matter how explicit their language—are subject to modification under the Court's equitable power "if because of circumstances not anticipated by the settlor the modification or deviation will further the purposes of the trust." *See* June 3, 2009, Order, p. 6 (citing RESTATEMENT (THIRD) OF TRUSTS § 66, as applied by the Colorado Court of Appeals in *Denver Found. v. Wells Fargo Bank*, *N.A.*, 140 P.3d 78, 84 (Colo. Ct. App. 2005)). While the Government indirectly challenges my interpretation and application of this so-called "equitable deviation doctrine," the Government points to no authority for its position beyond those already raised in opposition to the Guardian ad Litem's underlying April 10, 2009, motion. Accordingly, the Government is not entitled to relief under Rule 59(e). *See Gregg*, 840 F. Supp. at 1401 (holding Rule 59(e) relief is appropriate only where the Court has made an error "not of reasoning but of apprehension"); *see also Mantle Ranches,* 950 F. Supp. at 300 (holding a Rule 59(e) motion "is not a license for a losing party's attorney to get a second bite at the apple").

## IV.  CONCLUSION

The Government's Motion for Reconsideration of Part IV of the Court's Order Dated June 3, 2009, which Modifies the Reversionary Trust, in order to Correct Error [**Docket # 565**] is DENIED.


Dated: July   15  , 2009.

>BY THE COURT:
>
>  s/Lewis T. Babcock
> Lewis T. Babcock, Judge