IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:90-CV-01071-LTB

ROBERT E. HILL, individually, and
as parent and next friend of Tasha R.
Hill, a minor; and CYNTHIA G. HILL,
individually, and as parent and next
friend of Tasha R. Hill, a minor,

                Plaintiffs,

vs.

UNITED STATES OF AMERICA,

                Defendant.

---

**ORDER GRANTING A HEALTH CARE POWER OF ATTORNEY
TO ROBERT E. HILL AND AUDREY A. HILL, PARENTS OF TASHA R. HILL,
FOR USE DURING URGENT OR EMERGENCY MEDICAL HEALTH CARE
DECISIONS REQUIRED FOR TASHA R. HILL**

---

       THIS MATTER comes before the Court on the Motion for an Order Granting a Health Care Power of Attorney to Robert E. Hill and Audrey A. Hill, parents of Tasha R. Hill, for Use During Urgent or Emergency Health Care Decisions for Tasha R. Hill ("Motion").  This Court, having read and carefully considered the said Motion and the terms of the Irrevocable Reversionary Medical Care Trust for the Benefit of Tasha R. Hill approved by this Court on October 23, 1997, concludes that the best interests of Tasha R. Hill are served by granting this Health Care Power of Attorney to Tasha R. Hill's parents.  Accordingly, this Court enters the following Findings of Fact and Orders:

### I.  FINDINGS OF FACT

       1.       Tasha R. Hill was born May 22, 1988, to her parents, Cynthia G. Hill and Robert E. Hill ("Robert"); Tasha R. Hill is now presently 21 years old and totally incapacitated.

       2.       Tasha R. Hill's mother, Cynthia G. Hill died on January 9, 2007, leaving Tasha R. Hill's father, Robert, as her sole surviving parent and her sole primary health care provider.

3. Subsequently, on July 13, 2007, Robert Hill married Audrey A. Hill. On June 23, 2008, Audrey A. Hill formally adopted Tasha R. Hill as her own daughter. On May 8, 2008, this Court recognized Audrey A. Hill as Tasha R. Hill's mother within the meaning of the term "Parents" as that terms is used in this Trust. (See Docket No. 554.)

4. On May 23, 1997, this Court entered an Order approving an Irrevocable Reversionary Inter Vivos Medical Care Trust for the Benefit of Tasha R. Hill ("Trust"), designed to provide maximum health care benefits for Tasha R. Hill. Specifically, the Trust, as construed by Court Orders dated May 8, 2009, and June 3, 2009, mandates, in part:

> 4. Purpose of Trust and Allowable Expenses.
>
> The Trustee [Regions Bank Nashville] shall pay all necessary and reasonable expenses, regardless of cause, to the extent allowed below in this Paragraph 4. The purpose of this Irrevocable Reversionary Trust is to provide for the personal attendant care, and the medical, dental, therapeutic, cognitive, psychological, and rehabilitative care of the Beneficiary [Tasha R. Hill], regardless of the cause for such care, in order to maximize her mental development and minimize her physical disabilities
>
> . . . .
>
> a. Medical and Dental Care
>
> The Trustee shall pay all medical and dental care expenses of the Beneficiary for (1) the diagnosis, cure, mitigation, treatment, or prevention of injury, sickness, illness, or disease, or (2) the purpose of affecting any structure or function of the body or mind, whether the medical or dental care expenses arise from in-patient or out-patient care. . . . .
>
> \* \* \*
>
> 8. Parents' Role
>
> a. With due regard for the fact that the Parents of the Beneficiary have provided her care in the past and will continue to be closely involved in all aspects of her life and care, the Trustee shall consult with the Parents with regard to all personal, medical, therapeutic or rehabilitative care decisions. In the absence of good cause, as determined by the Trustee, and subject to the terms and conditions of Paragraph 4 of this Irrevocable Reversionary Trust, the Trustee shall abide by the recommendations of the Parents in

the planning of medical, therapeutic and personal care and the selection of health care providers.

\* \* \*

5.  On February 26, 2009, the Eleventh Annual Report of the Trustee and the Guardian Ad Litem reported to this Court that the assets of this Trust as of December 31, 2008, are $5,633,326.75 in cash and securities.

## II.  COURT ORDERS

1.  Based upon the foregoing Findings of Fact, the Court does hereby appoint Robert E. Hill and Audrey A. Hill, parents of Tasha R. Hill, currently residing in Celina, Tennessee (referred to hereinafter as "Health Care Agents" for Tasha R. Hill) as the true and lawful attorneys-in-fact to be Health Care Agents for their daughter, Tasha R. Hill, with respect to her urgent or emergency health care matters upon the terms and conditions set forth herein.

2.  Because Tasha R. Hill has been incapacitated since she was a young child and has remained continuously and permanently incapacitated to this date, either Health Care Agent for Tasha R. Hill is authorized to and shall make all "urgent or emergency health care decisions" for her based upon whatever either one of the Health Care Agents determines to be in the best interests of Tasha R. Hill, without any attempt to ascertain her personal wishes.

3.  Pursuant to the terms of the Trust, Regions Bank, Nashville, the Trustee of the Trust, is required to pay for all necessary and reasonable expenses, regardless of cause, for the medical, dental, therapeutic, cognitive, psychological and rehabilitative care of Tasha R. Hill. Specifically, the Trustee shall pay all said expenses for (1) the diagnosis, cure, mitigation, treatment or preventions of injury, sickness, illness, or disease, or (2) the purpose of affecting any structure or function of Tasha R. Hill's physical person or her mind, regardless of whether the expenses arise from in-patient or out-patient care and treatment of Tasha R. Hill.

4.  "Urgent or emergency health care decisions" shall be any health care decision reasonably necessary to be made for Tasha R. Hill within 48 hours after the appearance of any urgent or emergency condition and before the court-appointed Guardian Ad Litem or the Regions Bank, Nashville, Trustee of the Trust, can be consulted because Tasha R. Hill's health, functionality or life would be harmed or put in jeopardy.  As set forth above in paragraph 2, each Health Care Agent shall have full and complete authority regarding each and every "urgent or emergency health care decision" that is required to be made.  The attending or other treating physician or administrator of any hospital or other treatment facility has no obligation whatsoever to seek out or consult with or secure the consent of the other Health Care Agent.

(a)  In the event of any disagreement(s) between a Health Care Agent and any attending or other treating physician of Tasha R. Hill concerning the appropriate treatment or application of the terms of this Health Care Power of Attorney that may arise, any such

disagreement(s) shall be resolved permanently and with finality in accordance with the written direction of either of Tasha R. Hill's Health Care Agents.

      (b)    In the event of any disagreement(s) between the Health Care Agents themselves concerning the appropriate treatment or application of the terms of this Health Care Power of Attorney that requires urgent or emergency health care decisions, such disagreement(s) between the Health Care Agents shall be mediated by Tasha R. Hill's Guardian Ad Litem, Charles Goldberg.

      (c)    If a mediated resolution of the disagreement(s) between the Health Care Agents cannot be reached within 24 hours after Tasha R. Hill's Guardian Ad Litem has been notified of the disagreement(s), the Guardian Ad Litem, the Parents, and Regions Bank shall seek to obtain guidance from the United States District Court for the District of Colorado before any final decision is made.

      (d)    To the extent reasonably practicable, either or both Health Care Agents shall keep Charles Goldberg, Guardian Ad Litem, the Trustee, Regions Bank, and John D. Dahlberg, advised of every decision facing the Health Care Agents pursuant to this Power of Attorney.

      5.    The rights, duties, responsibilities and authority conferred on each Health Care Agent herein shall include, but are by no means limited to the right to determine, initiate, alter or terminate any proposed urgent or emergency health care, diagnostic or therapeutic services or any other urgent or emergency medical, surgical, dental, visual or psychological treatment or procedures; the right to receive Tasha R. Hill's personal health information, medical records, documents and reports from all treating physicians, other health care professionals, health care institutions and insurance providers along with the right to review, release and disclose such personal health information, medical records, documents and reports to the same extent that Tasha R. Hill would be entitled to do if she were competent; to contract on behalf of Tasha R. Hill, with any health care related provider, service or facility (without the Health Care Agents incurring personal financial liability for such contracts), with such contracts binding the Trustees of the Trust specified below for payment in full from such Trust pursuant to the terms of such Trust.

      6.    No person who relies in good faith upon any representations or decisions made by the Health Care Agents shall be liable to Tasha R. Hill, her estate, heirs or assigns, or to the Trustee of either trust identified above in paragraph 3, for recognizing each Health Care Agent's authority and following his or her decisions and directions on behalf of Tasha R. Hill. The directions of each Health Care Agent shall be binding in all respects upon all those involved in the care and treatment of Tasha R. Hill. The Health Care Agents and all those acting upon their decisions and directions shall be indemnified and held harmless by the estate and heirs of Tasha R. Hill in connection with all claims arising from the exercise of this Power of Attorney which could be asserted against the Health Care Agents and any person or entity acting upon their decisions and directions pursuant to this Health Care Power of Attorney.

    7.    ADMINISTRATIVE PROVISIONS:

    (A)    This Health Care Power of Attorney is intended to be valid in any jurisdiction in which it is presented.

    (B)    The Health Care Agents shall be entitled to reimbursement for all reasonable expenses incurred as a result of carrying out any provisions of this Health Care Power of Attorney, including the cost of any legal action taken to enforce the powers and authority granted herein, including reasonable attorney's fees and costs.

    (C)    The powers delegated under this Health Care Power of Attorney are severable, so a determination as to the invalidity of any one (1) or more powers shall not affect any others.

    (D)    This instrument, including the rights, powers and authority of the Health Care Agents appointed herein shall be in full force and effect immediately upon execution by the Health Care Agents, and such rights, powers and authority shall remain in full force and effect from the above-mentioned date until the death of Tasha R. Hill or until the same is modified or revoked by this Court.

    (E)    This Health Care Power of Attorney shall become effective upon the signatures of Robert E. Hill, Audrey A. Hill, and Charles Goldberg below.

DONE AND SIGNED this __18th__ day of __November__ 2009.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, JUDGE

WE HAVE READ, UNDERSTAND, AND AGREE TO BE BOUND BY AND DISCHARGE FAITHFULLY ALL THE TERMS AND CONDITIONS OF THE WITHIN HEALTH CARE POWER OF ATTORNEY.

                                                Robert E. Hill

                                                Audrey A. Hill

STATE OF TENNESSEE    )
                                 ) ss
COUNTY OF CLAY        )

      I hereby certify that on the ___ day of _____, 2009, **Robert E. Hill and Audrey A. Hill,** personally came before me and acknowledged under oath, to my satisfaction, that they are the persons named in and who personally signed this General Health Care and Limited Financial Power of Attorney, and that they signed, sealed and delivered this General Health Care and Limited Financial Power of Attorney for the uses and purposes therein expressed.

      My commission expires: _____

(SEAL)

                                                Notary Public

APPROVED:

_____
**Charles Goldberg,** as Court-appointed Guardian Ad Litem for Tasha R. Hill


| STATE OF COLORADO | ) |
|---|---|
|  | ) ss |
| CITY AND COUNTY OF DENVER | ) |

  I hereby certify that on the ___ day of _____, 2009, Charles Goldberg, personally came before me and acknowledged under oath, to my satisfaction, that he is the Court-appointed Guardian Ad Litem for Tasha R. Hill and the person named in and who personally signed this General Health Care and Limited Financial Power of Attorney, and that he signed, sealed and delivered this General Health Care and Limited Financial Power of Attorney for the uses and purposes therein expressed.

  My commission expires: _____

(SEAL)

_____
Notary Public