IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:90-cv-01071-LTB

ROBERT E. HILL, individually, and as parent
and next friend of Tasha R. Hill, a minor; and
CYNTHIA G. HILL, individually, and as parent
and next friend of Tasha R. Hill, a minor,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

___

# ORDER

___

THIS MATTER comes before the Court after a status hearing that occurred on May 24, 2018 (the "Hearing"). (ECF No. 658.) I discussed the matter—whether the Trustee is properly withholding certain amounts from Plaintiff Richard Hill's payments in his role as a personal attendant care provider—in court during the Hearing. (ECF No. 661.) This Order serves to provide unambiguous clarification to the matter at issue.

## I.    Background

In October 1988, as an infant, Tasha Hill suffered permanent brain damage and catastrophic injury because of negligent treatment at the Evans Army Community Hospital. Her parents, Plaintiffs Robert Hill and the late Cynthia Hill, brought a Federal Tort Claims action in this Court, the United States Government

1

conceded liability mid-trial, and after an appeal on the issue of damages, the parties eventually settled the litigation.

As part of the settlement, two trusts were established: (1) the Amended Private Trust for the Benefit of Tasha R. Hill (the "Private Trust") and (2) the Irrevocable Reversionary Inter Vivos Medical Care Trust for the Benefit of Tasha R. Hill (the "Reversionary Trust"). (ECF Nos. 348, 410, 489-2.)

Both trusts contain language regarding the Hills' personal care of Tasha. The Reversionary Trust provides that "the Trustee shall pay all necessary and reasonable expenses, regardless of cause, to the extent allowed below in this Paragraph 4." (*See* ECF No. 489-2 ¶ 4.) One of the allowable expenses, as detailed in paragraph 4(c), is personal attendant care. Paragraph 4(c) provides that "[t]he Trustee shall pay for twenty-four-hour-a-day personal attendant care services for the Beneficiary, whether such services are provided in the home of her Parents or in a licensed, long-term care facility that provides attendant or residential care services for disabled persons." (*Id.* ¶ 4(c).)

The Reversionary Trust further provides that, if Tasha's parents provide 24-hour personal care, "the Trustee shall pay the Parents jointly the total gross rate of $185,000.00 annually, to be paid monthly, increasing at the Consumer Price Index-Urban or any successor index (hereinafter 'CPI-U') with a base year of 1997." (*Id.* ¶ 4(c)(i).) The Trustee "shall determine and make such withholding and payments required from the gross annual rate, recognizing the Parents' status as employees of the trust." (*Id.* ¶ 4(c)(vi).) These provisions are echoed in the Private Trust. (ECF

2

No. 410 ¶ 9.)

## II. LAW

Both trusts are "governed by, construed and administered according to the laws of the State of Colorado." (ECF Nos. 410 ¶ 21, 489-2 ¶ 19.) In construing a trust, the Court must determine the intent of the settlor and interpret the trust in its entirety "to harmonize and give effect to all the provisions, rendering none meaningless or superfluous." *Denver Found. v. Wells Fargo Bank, N.A.*, 163 P.3d 1116, 1122 (Colo. 2007); *see also Brunton v. Int'l Tr. Co.*, 164 P.2d 472 (Colo. 1945) (holding that each paragraph of a trust instrument must be read in light of the whole instrument, and the intention of founders must be ascertained from everything that appears within the four corners of the document).

## III. ANALYSIS

### A. Mr. Hill's Historical Arguments

Mr. Hill has consulted a lawyer about the withholding and raised the issue with this Court both before and during the Hearing. First, in 2009, Mr. Hill raised a dispute with the IRS about a "withholding issue." (ECF No. 547-11.) He retained an attorney to assist him. (ECF No. 603 ¶ 4.) The IRS eventually sent a letter to the Hills, explaining that it "cannot allow the above claim for an adjustment to your tax, for the following reasons: The compensation Robert E. Hill received from a Irrevocable Trust for the benefit of Tasha R. Hill during 2003, 2004, and 2005 is taxable under IRC Section 61." (ECF No. 606-2 at 3.)

Second, in 2010, the Hills (Robert and his second wife Audrey) brought their argument to this Court in response to the final report from SunTrust, a prior

trustee. (ECF No. 592.) The Hills asked for a construction of paragraph 4(c)(i) (which states that "Trustee shall pay the Parents jointly the total gross rate of $185,000.00 annually"). (*Id.*) Their argument centered on the word "gross" and argued that the Trustee should not withhold federal income tax from their pay." (*Id.* at 2–3.)

The Hills eventually acknowledged that the Reversionary Trust specifically provided for "such withholding and payments required from the gross annual rate, recognizing the Parents' status as employees of the trust." (ECF No. 605 at 3.) However, the Hills argued this was not an authorization to withhold federal income tax; it was instead an authorization to withhold some salary payments if Tasha was admitted to a health care facility for more than 14 days. (*Id.*)

This reference to withholding salary payments related to Tasha's admittance to a health care facility was the primary argument Mr. Hill made during the Hearing.

The Reversionary Trust reads that

(ii) In the event the Beneficiary is admitted to a licensed healthcare facility or to a licensed long-term care or residential care facility for 14 days or less, the Parents will be paid for personal attendant care services without any pro rata reduction. In the event the Beneficiary is admitted to a licensed healthcare facility or to a licensed long-term care or residential care facility for more than 14 consecutive days, the Trustee shall pay the monthly amount to the Parents for the first 14 days of such admission, but shall not pay the parents for providing personal attendant care services for the remainder of such admission, provided such facility is capable of providing such services.

and

(iii) In the event the Beneficiary is admitted to a licensed healthcare facility or to a licensed long-term care or residential care facility, the

4

> Trustee shall pay for personal attendant care services provided by the staff of such facility, but shall not pay the Parents for providing personal attendant care services to the Beneficiary while she is admitted to such facility, except as provided above in paragraph 4(c)(ii).

(ECF No. 489-2 ¶ 4.)

At the Hearing, Mr. Hill reiterated his argument that the word "withholding" in the Reversionary Trust's paragraph 4(c)(vi)—discussing the Hills' payments for providing personal attendant care services as employees—does not apply to the withholding of federal taxes, but to the withholding of payments to the Hills if paragraph 4(c)(ii) or 4(c)(iii) is enacted. (*See* ECF No. 605 at 3–4.) Thus, he argues, the Trustee has been improperly withholding money from the Hills for federal taxes and he should be reimbursed accordingly.

### B. The Court's Interpretation

While I understand Mr. Hill's argument, he is misguided in his interpretation. Interpreting the Reversionary Trust as a whole, the Trustee has been properly withholding money. As an employer, the Reversionary Trust is required to withhold federal income tax and the language of the Trust specifically permits withholding from the gross amount.

Employers are required to withhold federal income tax. With exceptions not applicable here, "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. 3402(a)(1). When I ruled that the Trust was authorized to make worker's compensation claims, I confirmed that Mr. Hill was an employee of the Trust. (ECF No. 651 at 4.)

Paragraph 4(c)(vi) directly applies to the "payment authorized in paragraph 4(c)(i)" and provides for "withholding and payments required from the gross annual rate, recognizing the Parents' status as employees of the Irrevocable Reversionary Trust." In turn, paragraph 4(c)(i) pertains to the payments to the Hills for providing personal attendant care services.

As I said during the Hearing, Mr. Hill has the frankly awkward position in this circumstance of wearing two hats. The first is as a devoted parent to a woman who continues to thrive, despite her severe impairments, due in great part to Mr. Hill's constant attention, dedication, and care as a father. The other hat Mr. Hill wears, however, is that of an employee of the Reversionary Trust, and it is in this capacity that he receives payments authorized by paragraph 4(c)(i). Those payments must be, and have been, properly withheld according to the unambiguous terms of the Reversionary Trust and the applicable statutes and regulations.

It is so ORDERED.

Dated: May 29, 2018, in Denver, Colorado.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE